JUDGE WOODS    15 CV 00308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALBERTO RIVERA Individually and on Behalf of
All Other Persons Similarly Situated,

                Plaintiff,

v.

PIZZA HUT OF AMERICA INC., ADF PIZZA I,
LLC, and ADF RESTAURANT GROUP, Jointly
and Severally,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No.: _____

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

RECEIVED
JAN 15 2015
U.S.D.C. S.D.N.Y.
CASHIERS

## INTRODUCTION

1. Plaintiff Alberto Rivera ("Rivera") alleges on behalf of himself and other similarly situated current and former employees of Defendants Pizza Hut of America Inc. ("Pizza Hut of Am."), ADF Pizza I, LLC ("ADF Pizza"), ADF Restaurant Group ("ADF Restaurant Group") (collectively "Defendants" or "Pizza Hut"), pursuant to Fed. R. Civ. P. 23 (a) and (b), for their willful violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, because this action arises under the FCRA, 15 U.S.C. § 1681, *et seq.*, which is a Federal statute.

3. Venue is proper in this district under 28 U.S.C. §1391(b).

4. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.  Plaintiff Rivera was, at all relevant times, an adult individual, residing in Roosevelt, New York, Nassau County.

6.  Upon information and belief, Defendant Pizza Hut of America, Inc. ("Pizza Hut of Am.") is a corporation, organized and existing under the laws of the State of Delaware, is licensed to do business throughout the United States, including the State of New York, and has its principal place of business at 7100 Corporate Drive, Plano, Texas 75024.

7.  Upon information and belief, ADF Pizza is a corporation, organized and existing under the laws of the State of Delaware, is licensed to do business in the State of New York, and has its principal place of business at 601 Westchester Avenue, Bronx, New York 10462.

8.  Upon information and belief, ADF Restaurant Group is a corporation, organized and existing under the laws of the State of New Jersey, is licensed to do business in the State of New York, and has its principal place of business at 350 Passaic Avenue, Fairfield, New Jersey 07004.

## NATURE OF ACTION

9.  The Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, and it protects both employees and applicants for employment from adverse employment action taken as a result of potentially inaccurate information. Under the FCRA, employers who seek to obtain and use the consumer reports of their employees and applicants are required to provide

explicit disclosures and information prior to obtaining consumer reports and prior to taking any adverse employment action against them.

10. Pertaining to employment-related background checks, the FCRA provides that a prospective employee must give a valid consent to the background check. The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form. The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or conducting a background check. No extraneous information can be attached or included on the consent form. The authorization and disclosure must standalone.

11. The FCRA declares:

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . .
>
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, <u>in a document that consists solely of the disclosure</u>, that a consumer report may be obtained for employment purposes .
> . . .

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

12. The FCRA defines a consumer report:

> . . . any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumers' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or excepted to be used or collected in whole or in part for the purpose of serving as a factor establishing the consumer's eligibility for . . .
>
> (B) employment purposes . . . .

15 U.S.C. § 1681a(d)(1).

13. Violating 15 U.S.C. § 1681b(b)(2)(A)(i), Defendants have unlawfully inserted a liability release provision into a form purporting to grant Defendants the authority to obtain and use consumer report information for employment purposes. The FCRA prohibits this practice and requires forms granting the authority to access and use consumer report information for employment purposes to be standalone forms, and not include any additional information or agreements. Defendants' decision to include liability release provisions in their authorization forms is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC"), which states "The inclusion of such a [liability] waiver in a disclosure form will violate . . . the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes." Letter from William Haynes, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Richard W. Hauxwell, CEO, Accufax Div. (June 12, 1998).

14. Violating 15 U.S.C. § 1681b(b)(2)(A)(i), Defendants have unlawfully inserted extraneous information into the disclosure and the disclosure is not a standalone document but is, instead, at the bottom half of the last page of the employment application.

## STATEMENT OF FACTS

### Facts Common to All Parties

15. Pizza Hut is an American restaurant chain that offers different styles of pizza along with side dishes including salad, pasta, buffalo wings, garlic bread and desserts.

16. Pizza Hut is a subsidiary of Yum! Brands, Inc., the world's largest restaurant company and, has more than 6,000 Pizza Hut restaurants in the United States, and employs more than 160,000 individuals.

17. More than 50 Pizza Hut locations are located within the State of New York.

18. Pizza Hut of Am. depends on their franchise and corporate-owned locations selling and delivering pizzas under detailed operating standards, and its profits and financial wellbeing depends in large part upon the success of the franchise locations.

19. As part of the operating standards for the franchises, Pizza Hut of Am. promulgates and implements employment policies including compensation, hiring, training, and management policies for all of their locations, including ADF Pizza's location and all of ADF Restaurant Group's Pizza Hut locations.

20. Pizza Hut of Am. maintains control over many aspects of ADF Pizza's location, ADF Restaurant Group's Pizza Hut franchises and other franchise locations that directly related to Plaintiff and the Class Members' (defined below) employment, including the terms of employment application, specifying the uniforms, equipment and supplies they use, and detailing the methods and procedures for performing their work.

21. Pizza Hut of Am. provides franchises, including ADF Pizza and ADF Restaurant Group, materials for use in training store managers and employees, and provides posters with directions on how employees perform tasks (e.g., how to build a pizza).

22. Pizza Hut of Am. develops and maintains hiring policies, including systems for screening applications, interviewing and assessing applications for

employment at all of their locations including ADF Pizza and ADF Restaurant Group's locations.

23. Pizza Hut of Am. has the ability to stop any violations of its operating standards by terminating or threatening to terminate the franchise agreements.

24. Pizza Hut of Am. conducts periodic operating standards reviews at each franchise to ensure they are complying with the operating standards.

25. Pizza Hut of Am. monitors employee performance through required computer hardware and software.

26. Pizza Hut of Am. discusses with franchises the customer feedback it receives.

27. Pizza Hut of Am. establishes the menus and food prices for the franchise locations, including ADF Pizza and ADF Restaurant Group.

28. Individuals who are applying for a position with any Pizza Hut location throughout the United States, complete the same employment application.

29. Pizza Hut of Am., ADF Pizza and ADF Restaurant Group jointly employed Plaintiff Rivera, the Class Members (defined below).

30. Defendants constitute an integrated enterprise.

31. During its job application process, Defendants ask applicants to agree to the following section:

> I certify that the above information is correct and understand falsification is grounds for dismissal. I authorize the references, supervisors, and educational institutions listed above to give you any information, personal or otherwise, concerning my prior employment or education. I authorize you to conduct a criminal conviction and credit check on me, and I release all parties from any liability resulting from furnishing this information to you. I understand and agree that Pizza Hut's employment policies, manuals, and handbooks are not express or implied contracts and that these documents and the wages, benefits, and other

terms and conditions of employment may be changed at Pizza Hut's discretion from time to time without notice to me. I understand and agree that my employment with Pizza Hut may be terminated by me or Pizza Hut at any time for any reason without prior notice to the other party and that no written or oral Pizza Hut policy concerning continued employment constitutes or is intended to constitute an express or implied contract. I further understand and agree that, except for this application, there are not and will not in the future be an express or implied contractual terms of employment between Pizza Hut and me.

*See* Exhibit A.

32. Defendants' disclosure is also found in the same section of the application as:

> (i) An authorization that the applicant understands the consequences of providing untrue information;
>
> (ii) An authorization that information concerning previous employment can be released;
>
> (iii) An indication of understanding as to Defendants' employment policies, manuals and handbooks; and
>
> (iv) An indication of understanding the applicant's at-will employment status.

*See* Exhibit A.

33. In addition to the disclosure containing this extraneous information, it contains a liability release.

34. This disclosure is physically not a standalone document. It is, instead, at the bottom of the same page of the employment application where applicants list their educational background, employment history and personal references.

35. At no point during the application, interview and orientation process do Defendants provide applicants with a standalone disclosure form.

36. As each and every person completing Defendants' application is required to sign the same document, their disclosure rights under the FCRA were willfully

violated. Defendants do not use the term consumer report; otherwise inform its applicants that it may seek personal information from a consumer reporting agency; the disclosure is on the same page of the employment application where applications list their educational background, employment history and personal references; the disclosure contains a wealth of extraneous information beyond just the disclosure and authorization; and the disclosure contains a liability release.

37. Such a disclosure – combined with a plethora of other information – violates 15 U.S.C. § 1681b(b)(2)(A)(i)'s requirement that Defendants provide notice to applicants and employees in a "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure."

38. Defendants' violation of 15 U.S.C. § 1681b(b)(2)(A)(i) was willful for the following reasons:

(i) the rule the FCRA disclosures be "clear and conspicuous" and part of a document consistently "solely" of that disclosure has been the established law for over a decade;

(ii) Defendants are large corporations and businsses with in-house counsel and regularly engage outside counsel and therefore had ample means and opportunity to seek legal advice regarding their FCRA responsibilities;

(iii) Clear judicial and administrative guidance - going back more than a decade – regarding a corporation's FCRA responsibilities exists and is readily available explaining that such disclosures must stand-alone. This readily-available guidance means Defendants were aware of their responsibilities or should have been aware of their responsibilities but ignored them and violated the FCRA anyway; and

(iv) Defendants repeatedly violated the FCRA by requiring each applicant to acknowledge the same unlawful disclosure and then obtaining consumer reports for these applicants, such as Rivera.

39. Defendants have willfully violated the FCRA by failing to provide standalone up-front notice that Defendants may procure consumer reports about their applicants and employees.

40. As a result of Defendants' willful violations of the Act, job seekers, such as Plaintiff Rivera, and employees are deprived of rights, including privacy rights guaranteed to them by federal law, and are thus entitled to statutory damages of at least $100 and not more than $1,000 for each violation. *See* 15 U.S.C. §§ 1681n(a)(1)(A).

Facts Relating to Rivera

41. Plaintiff Rivera submitted an application for a job with Defendants in or around April 2013, and Defendants subsequently employed him from April 2, 2013 to November 22, 2013 as pizza delivery driver at the Pizza Hut located at 601 Westchester Avenue, Bronx, New York.

42. On his application, Rivera was required to and did disclose information about him and his work history.

43. To complete his employment application, Rivera was required to signify his agreement to the terms and conditions of the disclosure by signing at the bottom of the application. *See* Exhibit A.

44. Rivera signed the application and submitted it.

45. Defendants did not provide Rivera with a standalone disclosure form either before, during or after his interview with them.

46. Defendants obtain consumer reports about applicants, including Rivera, at approximately the same time they require them to come in for their interview.

47. On information and belief, Defendants caused a consumer report about Rivera to be procured as part of his application and interview process.

48. Because of the unlawful disclosure found in the application that Rivera completed, Defendants have willfully denied Rivera the rights the FCRA guarantees him, entitling him to statutory damages of not less than $100 and not more than $1,000.

## CLASS ALLEGATIONS

49. Plaintiff Rivera sues on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> Disclosure Class: All persons in the United States who applied for employment with Defendants on or after January 13, 2013 for whom Defendants procured a consumer report for employment purposes without first providing the employee or prospective employee with a clear and conspicuous disclosure in a stand-alone document consisting solely of the disclosure.

50. The Rule 23 Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, more than six thousand (6,000) Rule 23 Class Members exist during the Class Period.

51. Plaintiff Rivera's claim is typical of the claims of the Disclosure Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation

where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

52. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

53. Plaintiff Rivera is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

54. Plaintiff Rivera has the same interest in this matter as all other members of the class and Plaintiff Rivera' claims are typical of the Disclosure Class.

55. Common questions of law and fact exist as to the Disclosure Class that predominate over any questions solely affecting the individual Disclosure Class Members, including but not limited to:

   a. whether Defendants employed Plaintiff Rivera and the Disclosure Class Members within the meaning of the FCRA;

   b. whether Defendants' conduct violated the FCRA;

   c. whether Defendants have procured or caused to be procured consumer reports to investigate prospective employees;

   d. whether Defendants have willfully failed to provide Disclosure Class Members with their legally-protected rights related to consumer report disclosures;

   e. whether Defendant willfully violated the FCRA by failing to provide applicants with clear and conspicuous notice that it may obtain a consumer report for the applicants.

f.	whether Defendants willfully violated the FCRA by failing to provide their FCRA disclosures in a document that consists solely of the disclosures; and

g.	the proper measure of statutory damages and the availability and appropriateness of declaratory and injunctive relief.

## FIRST CAUSE OF ACTION

Violation of 15 U.S.C. § 1681b(b)(2)(A)(i)
(Brought on Behalf of Plaintiff Rivera and the Disclosure Class Members)

56.	Plaintiff Rivera repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

57.	The consumer report disclosure that Defendants provided to Plaintiff Rivera and the Disclosure Class Members as part of the application process willfully violates the FCRA in numerous, fundamental ways.

58.	The consumer report disclosure requires the applicant to authorize, confirm, and/or certify several matters that are extraneous to any authorization related to Defendants procurement of a consumer report, contains a liability release, and is located on the same page of the employment application where applicants list their educational background, employment history and personal references.

59.	The disclosure does not therefore standalone or consist solely of the disclosure that Defendants may obtain a consumer report and accompanying authorization, violating 15 U.S.C. § 1681b(b)(2)(A) of the FCRA.

60.	Defendants procure consumer reports with respect to their job applicants, including, on information and belief, with respect to Plaintiff Rivera.

61.	Defendants' violations of 15 U.S.C. § 1681b(b)(2)(A)(i) were willful.

62. Plaintiff Rivera and the Disclosure Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendants' willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

63. Accordingly, under the FCRA, Plaintiff Rivera and the Disclosure Class seek statutory damages, reasonable cost and attorneys' fees, an injunction against further violations, and a declaration that Defendants' conduct is unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rivera, on behalf of himself and the Disclosure Class Members, respectfully requests this Court grant the following relief:

a. Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Disclosure Class Members and appointing Plaintiff Rivera and his counsel to represent the Class Members;

b. An award of statutory damages in Count I in the amount of $1,000 for each violation;

c. An injunction requiring Defendants to provide proper disclosures and information as required under 15 U.S.C. §§ 1681b(b)(2);

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Rivera demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       January 13, 2015

        BRONSON LIPSKY LLP

        Douglas Lipsky (DL-9372)
        630 Third Avenue, Fifth Floor
        New York, New York 10017-6705
        Phone: 212.392.4772
        Fax: 212.444.1030
        dl@bronsonlipsky.com

        Jeffrey M. Gottlieb (JG-7905)
        nyjg@aol.com
        Dana L. Gottlieb (DG-6151)
        danalgottlieb@aol.com
        GOTTLIEB & ASSOCIATES
        150 East 18th Street, Suite PHR
        New York, New York 10003
        Phone: 212.228.9795
        Fax: 212.982.6284

        *Attorneys for Plaintiff Rivera*

# EXHIBIT A

*For PDE Use Only*
**EMPLOYEE #**

# EMPLOYMENT APPLICATION



PLEASE PRINT CLEARLY — **TO BE COMPLETED BY APPLICANT** — *Pizza Hut, Inc. or a Subsidiary or Franchise An Equal Opportunity Employer*

## PERSONAL INFORMATION

| LAST NAME | FIRST NAME | MI | SOC. SEC. NO. | DESIRED POSITION(S) |
|---|---|---|---|---|
| | | | | |

| STREET ADDRESS | BOX/APT. | HOME PHONE | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| | | | | | |

Are You Under 21 years of age? Yes ☐ No ☐ If "Yes" list date of birth: MO. ___ Day ___ Yr. ___

Have you ever been convicted of a felony? Yes ☐ No ☐

Have you ever been employed by Pizza Hut, Inc. or a Subsidiary or Franchise? ☐ Yes ☐ No
Name of Supervisor: ___ Location: ___
If "Yes," please complete the following: Date of Employment From: ___ To: ___
Name at time worked: ___ Date of termination: ___ Reason for termination: ___
I left Pizza Hut in good standing and have never been terminated from Pizza Hut or its Subsidiaries involuntarily: Yes ☐ No ☐ Falsification of this information will result in immediate termination.
Do you have any relatives working for Pizza Hut, Inc. or a Subsidiary or Franchise? Yes ☐ No ☐
If "Yes," give name, relationship, department/location: ___

Employment Desired: ☐ Full Time ☐ Part Time

**HOURS AVAILABLE**

| | M | T | W | T | F | S | S |
|---|---|---|---|---|---|---|---|
| FROM | | | | | | | |
| TO | | | | | | | |

## EDUCATION (Name and address of school)

| | Major | No. of Years Attended | Did you graduate? | Degree |
|---|---|---|---|---|
| Graduate School: | | | | |
| College: | | | | |
| High School: | | | | |
| Other: | | | | |

## EMPLOYMENT (List most recent job first)

| Company | Address | Name of Supervisor | | |
|---|---|---|---|---|
| Job Title / Duties Performed | Phone No. (Area Code) | From: Day Mo. Yr. | To: Day Mo. Yr. | |
| Reason for Leaving | | Starting Pay $ | Ending Pay $ | |

| Company | Address | Name of Supervisor | | |
|---|---|---|---|---|
| Job Title / Duties Performed | Phone No. (Area Code) | From: Day Mo. Yr. | To: Day Mo. Yr. | |
| Reason for Leaving | | Starting Pay $ | Ending Pay $ | |

## PERSONAL REFERENCES (Not former employers or relatives)

| Name | Relationship or Title | Phone No. (Area Code) |
|---|---|---|
| | | |
| | | |

## SIGNATURE

I certify that the above information is correct and understand falsification is grounds for dismissal. I authorize the references, supervisors, and educational institutions listed above to give you any information, personal or otherwise, concerning my prior employment or education. I authorize you to conduct a criminal conviction and credit check on me, and I release all parties from any liability resulting from furnishing this information to you. I understand and agree that Pizza Hut's employment policies, manuals, and handbooks are not express or implied contracts and that these documents and the wages, benefits, and other terms and conditions of employment may be changed at Pizza Hut's discretion from time to time without notice to me. I understand and agree that my employment with Pizza Hut may be terminated by me or Pizza Hut at any time for any reason without prior notice to the other party and that no written or oral Pizza Hut policy concerning continued employment constitutes or is intended to constitute an express or implied contract. I further understand and agree that, except for this application, there are not and will not in the future be an express or implied contractual terms of employment between Pizza Hut and me.

_____ _____
SIGNATURE                    DATE

HPPI FORM 2