UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ALBERTO RIVERA **Individually and on
Behalf of All Other Persons Similar Situated,**

                                        Plaintiff,

        -against-

**PIZZA HUT OF AMERICA INC., ADF
PIZZA I, LLC, and ADF RESTAURANT
GROUP, Jointly and Severally,**

                                        Defendants.

------------------------------------------------------------X

                                        Case No. 15 CV 308 (GHW)


### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Jonathan M. Kozak, Esq.
Michael A. Frankel, Esq.

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York  10601
(914) 872-8060

*Attorneys for Defendants ADF Pizza I, LLC
and ADF Restaurant Group*

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.................................... 2

    A.    Allegations In Plaintiff's Operative Complaint Relating To His FCRA Claim. ............. 2

    B.    Defendants' Rule 68 Offer Of Judgment Provided Complete Relief To Plaintiff........... 3

            MOTION TO DISMISS STANDARDS ...................................................... 4

ARGUMENT ......................................................................................................... 6

POINT I      PLAINTIFF FAILS TO PLAUSIBLY ASSERT A CLAIM FOR
              A WILLFUL VIOLATION OF THE FCRA.......................................... 6

    A.    Defendants Did Not Violate The FCRA By Providing Plaintiff With An
        Authorization Form In Addition To A Standalone Disclosure Form. ........................... 8

    B.    Plaintiff Cannot Plausibly Allege That Defendants Willfully Violated The FCRA...... 10

        1.    Defendants complied with the express requirements of the FCRA. .................. 11

        2.    Defendants' interpretation of the FCRA was not objectively
            unreasonable due to a lack of binding judicial authority
            and administrative guidance. ........................................................... 12

        3.    Plaintiff's allegations do not establish a willful violation of the FCRA............ 13

POINT II    THE COURT SHOULD ENTER JUDGMENT PURSUANT TO THE
             TERMS OF DEFENDANTS' RULE 68 OFFER OF JUDGMENT. ...................... 16

    A.    Defendants' Rule 68 Offer Of Judgment Affords Plaintiff His
        Maximum Relief Under The FCRA. ........................................................ 18

    B.    Plaintiff's Request For Rule 23 Class Certification Does Not Preclude
        The Court From Entering Judgment Pursuant To The Terms Of
        Defendants' Offer Of Judgment.............................................................. 19

i

**TABLE OF CONTENTS**
**(continued)**

**Page(s)**

POINT III   THE COURT LACKS PERSONAL JURISDICTION OVER
ADF RESTAURANT GROUP ................................................................................ 20

A.   ADF Restaurant Group Is Not Subject To General Jurisdiction .................................... 21

B.   ADF Restaurant Group Is Not Subject To Specific Jurisdiction .................................. 22

C.   Subjecting ADF Restaurant Group To Suit In New York Is
Inconsistent With The Due Process Of Law ................................................................. 23

CONCLUSION ................................................................................................................................ 24

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Abrams v. Interco, Inc.,
    719 F.2d 23 (2d Cir. 1983) ............................................................................................17

Ambalu v. Rosenblatt,
    No. 98-cv-7144, 194 F.R.D. 451, 2000 U.S. Dist. LEXIS 12522 (E.D.N.Y. Mar.
    15, 2000)........................................................................................................................17

Arizonans for Official English v. Arizona,
    520 U.S. 43 (1997)........................................................................................................16

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)....................................................................................................4, 5

Avila v. NOW Health Group, Inc.,
    No. 14 C 1551, 2014 U.S. Dist. LEXIS 99178 (N.D. Ill. July 17, 2014) ................14

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)....................................................................................................4, 5

Best Van Lines, Inc. v. Walker,
    490 F.3d 239 (2d Cir. 2007)....................................................................................22, 23

Brennan v. G.S.A. Ltd.,
    No. 97 Civ. 6950, 1999 U.S. Dist. LEXIS 1588 (S.D.N.Y. Feb. 16, 1999) ..............5

Bulger v. Royal Doulton, PLC,
    No. 05 Civ. 7709, 2006 U.S. Dist. LEXIS 91985 (S.D.N.Y. Dec. 19, 2006)............6

Central States SE and SW Areas Health & Welfare Fund v. Merck-Medco Managed
    Care LLC,
    433 F.3d. 181 (2d Cir. 2005)........................................................................................16

Crupar-Weinmann v. Paris Baguette Am., Inc.,
    No. 13 Civ. 7013, 2014 U.S. Dist. LEXIS 91119 (S.D.N.Y. June 29, 2014)..........11

Davis v. United States,
    No. 03 Civ. 1800, 2004 U.S. Dist. LEXIS 2551 (S.D.N.Y. Feb. 18, 2004) ..............6

Decraene v. Neuhaus (U.S.A.), Inc.,
    No. 04 Civ. 2876, 2005 U.S. Dist. LEXIS 10836 (S.D.N.Y. June 3, 2005)..............6

DiFolco v. MSNBC Cable L.L.C.,
    622 F.3d 104 (2d Cir. 2010)..................................................................................2

Doner-Hendrick v. New York Inst. of Tech.,
    No. 11 Civ. 121, 2011 U.S. Dist. LEXIS 72714 (S.D.N.Y. July 5, 2011) ................................5

Fox v. Bd. of Trustees of the State Univ. of New York,
    42 F.3d 135 (2d Cir. 1994)................................................................................17

Garcia v. Jane & John Does 1-40,
    764 F.3d 170 (2d Cir. 2014)................................................................................2

Geismann v. ZocDoc, Inc.,
    No. 14 Civ. 7009, 2014 U.S. Dist. LEXIS 143272 (S.D.N.Y. Sep't 26, 2014)................18, 20

Genesis Healthcare Corp. v. Symczyk,
    133 S. Ct. 1523 (2013)......................................................................................20

Goldson v. Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP,
    No. 13 Civ. 2747, 2014 U.S. Dist. LEXIS 68205 (S.D.N.Y. May 12, 2014)..........................5

Guadagno v. Wallack Ader Levithan Assoc.,
    932 F. Supp. 94 (S.D.N.Y. 1996) .......................................................................5

Int'l Shoe Co. v. Washington,
    326 U.S. 310 (1945)..........................................................................................24

Jackson v. N.Y. State Dep't of Labor,
    709 F. Supp. 2d 218 (S.D.N.Y. 2010).................................................................5

Jazini v. Nissan Motor Co.,
    148 F.3d 181 (2d Cir. 1998)...............................................................................6

Kivo v. Blumberg Exelsior, Inc.,
    982 F. Supp. 2d 217 (E.D.N.Y. 2013) ...............................................................11

Landoil Res. Corp. v. Alexander & Alexander Servs. Inc.,
    918 F.2d 1039 (2d Cir. 1990)............................................................................21

Lary v. Rexall Sundown, Inc.,
    No. 13-cv-5769, 2015 U.S. Dist. LEXIS 16733 (E.D.N.Y. Feb. 10, 2015) ..........................19

Lewis v. Continental Bank Corp.,
    494 U.S. 472-78 (1990) ....................................................................................17

McGowan v. Smith,
    52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981) ..........................................................20

Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,
    84 F.3d 560 (2d Cir. 1996)..................................................................................23

Morgan v. Account Collection Tech., LLC,
    No. 05-CV-2131, 2006 U.S. Dist. LEXIS 64528 (S.D.N.Y. Aug. 29, 2006) ...............19

Omni Capital Int'l v. Rudolf Wolff & Co.,
    484 U.S. 97 (1987)..........................................................................................6

Robinson v. Overseas Military Sales Corp.,
    21 F.3d 502 (2d Cir. 1994)................................................................................20

Ruotolo v. City of New York,
    514 F.3d 184 (2d Cir. 2008)................................................................................4

Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.,
    748 F.2d 774 (2d Cir. 1984)................................................................................4

Safeco Ins. Co. of Am. v. Burr,
    551 U.S. 47 (2007)..........................................................................10, 11, 12, 13

Simonoff v. Kaplan, Inc.,
    No. 10 Civ. 2923, 2010 U.S. Dist. LEXIS 125414 (S.D.N.Y. Nov. 29, 2010) ..................9, 11

SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n,
    18 N.Y.3d 400, 940 N.Y.S.2d 525 (2012) ..............................................................23

Speer v. Whole Food Mkt. Group, Inc.,
    No. 14-cv-3035, 2015 U.S. Dist. LEXIS 40462 (M.D. Fla. Mar. 30, 2015) ...............14, 15, 16

State Emples. Bargaining Agent Coal. v. Rowland,
    494 F.3d 71 (2d Cir. 2007)................................................................................5

Tanasi v. New Alliance Bank,
    2015 U.S. App. LEXIS 7932 (2d. Cir. May 21, 2015) ....................................17, 19

United States v. Ron Pair Enters.,
    489 U.S. 235 (1989)........................................................................................8

Wiwa v. Royal Dutch Petroleum Co.,
    226 F.3d 88 (2d Cir. 2000)......................................................................21, 22, 23

**STATUTES**

15 U.S.C. § 1681b(b)(2)(A) .................................................................................. 7, 8

15 U.S.C. § 1681b(b)(2)(A)(i)................................................................................ 6, 7

15 U.S.C. § 1681n ..............................................................................................7

15 U.S.C. § 1681n(a)(1)(A) .................................................................................. 7, 10, 18

N.Y. CPLR § 301 ...............................................................................................20, 21, 23

N.Y. CPLR § 302 ...................................................................................................20, 22

N.Y. CPLR § 302(a)(1) .................................................................................................22

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) .....................................................................................1, 4, 5, 17

Fed. R. Civ. P. 12(b)(2) .............................................................................................1, 6

Fed. R. Civ. P. 12(b)(6) ...................................................................................1, 4, 24

Fed. R. Civ. P. 68 ................................................................................................. 3, 18

## PRELIMINARY STATEMENT

Plaintiff Alberto Rivera filed an Amended Complaint on behalf of himself and similarly situated employees against Defendants ADF Pizza I, LLC ("ADF Pizza") and ADF Restaurant Group (hereinafter collectively referred to as "Defendants") alleging a single claim for violation of the Fair Credit Reporting Act ("FCRA").[1]  Defendants respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

In his Amended Complaint, Plaintiff asserts that Defendants willfully violated the FCRA's requirement to provide him with a standalone disclosure form prior to procuring a consumer report.  Plaintiff theorizes that because Defendants simultaneously provided him with a separate authorization and liability release form in addition to the disclosure form, and because Plaintiff subjectively considered these separate documents to be one document, the standalone disclosure form was no longer a "standalone" document in Plaintiff's mind.  Accordingly, Plaintiff claims that Defendants unknowingly committed a technical violation of the statute. Plaintiff cannot point to any judicial authority or administrative guidance to support his novel interpretation of the FCRA.  Plaintiff's allegations in the Amended Complaint and the disclosure and authorization forms attached thereto confirm compliance with the FCRA's statutory requirements, or at the very least the absence of willfulness, and thus Plaintiff's Amended Complaint must be dismissed.

Defendants also presented to Plaintiff a Rule 68 Offer of Judgment which would have afforded him a judgment in an amount greater than the maximum recovery Plaintiff would

---

[1]      Plaintiff's Complaint also named Pizza Hut of America, Inc. as a defendant.  Plaintiff has agreed to dismiss Pizza Hut of America, Inc. as a defendant. (See Docket No. 45).

be awarded if he prevailed on his FCRA claim.  Therefore, even if the Court determines that Plaintiff has plausibly alleged a willful violation of the FCRA, Defendants respectfully submit that the Court should enter judgment pursuant to the terms of Defendants' full value Offer of Judgment.  Finally, ADF Restaurant Group is not subject to the Court's personal jurisdiction because of its attenuated contacts with New York.

For the reasons set forth in further detail below, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, and for such other and further relief as the Court deems just and proper.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The following facts are taken from Plaintiff's Amended Complaint and the attachments thereto.  When ruling on a motion to dismiss, the Court may consider the "facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted).  In addition, the Court does not have to accept factual allegations that are "blatantly contradicted" or "utterly discredited" by other documents in the pleadings.  Garcia v. Jane & John Does 1-40, 764 F.3d 170, 180 (2d Cir. 2014) (citation omitted).

### A.    Allegations In Plaintiff's Operative Complaint Relating To His FCRA Claim.

On or about March 26, 2013, Plaintiff submitted an employment application for a job with Defendants.  (Am. Compl. ¶ 44).[2]  Plaintiff worked as a pizza delivery driver from April 2, 2013 to November 22, 2013.  (Am. Compl. ¶ 44).  On January 15, 2015, Plaintiff filed a Complaint purportedly on behalf of himself and similarly situated employees alleging a single

---

[2]      A copy of Plaintiff's Amended Complaint is attached to the Affirmation of Michael A. Frankel, Esq. submitted in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Frankel Aff.") as Exhibit A.

claim for violation of the FCRA.   Plaintiff's original Complaint alleges that Defendants' Employment Application contained a FCRA disclosure that was physically not a standalone document and it also contained other information allegedly in violation of FCRA's standalone disclosure requirement.  (Compl. ¶¶ 34, 37 & Exhibit A).  On April 2, 2015, Plaintiff filed an Amended Complaint.  In his Amended Complaint, Plaintiff alleges that Defendants presented him with an "MVR DISCLOSURE" form and a separate "AUTHORIZATION AND RELEASE TO OBTAIN INFORMATION" form.  (Am. Compl. ¶ 45 & Exhibit B).  The disclosure form informed Plaintiff that as part of the Company's hiring and background investigation, Defendants may obtain investigative consumer reports, including driving history records.  (Am. Compl. Exhibit B).  The authorization and release form authorized Defendants to obtain an investigative consumer report and released Defendants from any resulting liability. (Am. Compl. Exhibit B).  Plaintiff further alleges that he was presented with the disclosure form and authorization form at the same time, Plaintiff read and signed the documents together and Plaintiff allegedly considered the separate disclosure and authorization forms as one document. (Am. Compl. ¶ 45 & Exhibit B).  Therefore, contrary to Plaintiff's own allegations and the actual documents attached to the Amended Complaint, Plaintiff alleges that Defendants did not provide him with a standalone disclosure form because he treated the separate disclosure and authorization forms as a single document.  (Am. Compl. ¶ 46).

**B.    Defendants' Rule 68 Offer Of Judgment Provided Complete Relief To Plaintiff.**

On April 10, 2015, Defendants served Plaintiff with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.  (See Frankel Aff. Exhibit B).[3] The monetary sum of Defendants' unconditional offer of $3,000, plus reasonable attorneys' fees

---

[3]    A copy of Defendants' counsel's April 10, 2015 letter to Plaintiff's counsel enclosing the Fed. R. Civ. P. 68 Offer of Judgment is attached to the Frankel Aff. as Exhibit B.

and costs, was an amount greater than the maximum recovery Plaintiff would be awarded if he prevailed on the claims alleged in his Amended Complaint. (See Frankel Aff. Ex. B). Pursuant to Fed. R. Civ. P. 68, the Offer of Judgment expired on April 24, 2015. Plaintiff did not accept the Offer of Judgment by April 24, 2015. (Frankel Aff. ¶ 5).

**MOTION TO DISMISS STANDARDS**

A motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure is the proper method for Defendants to challenge the feasibility of the claims asserted in Plaintiff's Amended Complaint. See Fed. R. Civ. P. 12(b); Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). In considering Defendants' motion to dismiss, the Court is required to construe the factual allegations contained in the Amended Complaint as true. See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008). To survive a motion to dismiss, however, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). Although "[t]he plausibility standard is not akin to a 'probability requirement,' [] it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and citations omitted). Rather, the factual allegations must "possess enough heft to show that the pleader is

entitled to relief." Id. at 557.  Thus, unless a plaintiff's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." Id. at 570; Iqbal, 550 U.S. at 680.

A motion brought pursuant to Rule 12(b)(1) challenges the Court's ability to consider the subject matter of an entire case or claims within a case.  Specifically, the inquiry focuses on whether the district court has either the statutory or constitutional power to adjudicate the underlying case.  Jackson v. N.Y. State Dep't of Labor, 709 F. Supp. 2d 218, 223 (S.D.N.Y. 2010) (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).  Pursuant to Fed. R. Civ. P. 12(b)(1), "a complaint must be dismissed if a court lacks subject matter jurisdiction over the action." Goldson v. Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP,  No. 13 Civ. 2747, 2014 U.S. Dist. LEXIS 68205, at *5-6 (S.D.N.Y. May 12, 2014).[4]  When considering dismissal for lack of subject matter jurisdiction, the court may "resolve disputed jurisdictional factual issues by reference to evidence outside the pleadings," including affidavits.  Brennan v. G.S.A. Ltd., No. 97 Civ. 6950, 1999 U.S. Dist. LEXIS 1588, at *7 (S.D.N.Y. Feb. 16, 1999) (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)); State Emples. Bargaining Agent Coal, v. Rowland, 494 F.3d 71, 77 n.4 (2d Cir. 2007); Doner-Hendrick v. New York Inst. of Tech., No. 11 Civ. 121, 2011 U.S. Dist. LEXIS 72714, *9 (S.D.N.Y. July 5, 2011). The plaintiff has the "burden of proving, by a preponderance of the evidence, that the court has subject matter jurisdiction." Brennan, 1999 U.S. Dist. LEXIS 1588, at *8.  "[N]o presumptive truthfulness attaches to the complaint's jurisdictional allegations." Guadagno v. Wallack Ader Levithan Assoc., 932 F. Supp. 94, 95 (S.D.N.Y. 1996).

---

[4]    True and correct copies of all unreported decisions cited herein are attached to the Frankel Aff. as Exhibit C.

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing that the Court has jurisdiction over the defendant.  See Bulger v. Royal Doulton, PLC, No. 05 Civ. 7709, 2006 U.S. Dist. LEXIS 91985, *6 (S.D.N.Y. Dec. 19, 2006); Decraene v. Neuhaus (U.S.A.), Inc., No. 04 Civ. 2876, 2005 U.S. Dist. LEXIS 10836, *7 (S.D.N.Y. June 3, 2005).  Prior to discovery, a plaintiff must make a "*prima facie* showing" of jurisdiction.  Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998).  Where, as here, subject matter jurisdiction is premised on federal question jurisdiction, and the statutes in question do not provide for nationwide service of process, a court may only exercise personal jurisdiction where the plaintiff can satisfy the requirements of the personal jurisdiction statute of the state in which the federal court sits.  See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 107-08 (1987); Davis v. United States, No. 03 Civ. 1800, 2004 U.S. Dist. LEXIS 2551, *14 (S.D.N.Y. Feb. 18, 2004).

## ARGUMENT

## POINT I

### PLAINTIFF FAILS TO PLAUSIBLY ASSERT A CLAIM FOR A WILLFUL VIOLATION OF THE FCRA.

Plaintiff alleges that Defendants willfully violated the FCRA by procuring a consumer report for employment purposes and not providing Plaintiff with a "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure."  See 15 U.S.C. § 1681b(b)(2)(A)(i).  The relevant provisions of the FCRA state as follows:

> [A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--
> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the

> disclosure, that a consumer report may be obtained for employment purposes; and
>     (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A).  In addition, Plaintiff must plead and prove a willful violation of the FCRA to recover damages.  See 15 U.S.C. § 1681n.

Plaintiff's acknowledgment that he received a separate MVR disclosure form and an authorization form notifying him that an investigative consumer report may be obtained is fatal to his FCRA claim.  Plaintiff's allegation that he was not provided with a standalone disclosure form because he received the standalone disclosure form at the same time as the authorization form and he treated the two separate documents as a single document cannot save his claim.  The separate disclosure and authorization forms attached to the Amended Complaint contradict Plaintiff's allegation that he was not provided with a separate standalone disclosure. Moreover, the statute does not state that an employer shall provide an individual with no other documents except for the standalone disclosure.  The plain text of the statute simply and clearly states that an employer must provide the individual with a written disclosure in a document that consists solely of the disclosure.  See 15 U.S.C. § 1681b(b)(2)(A)(i). Plaintiff's implausible and conclusory theory that the two separate documents should be deemed one document under the statute is not supported by any rational reading of the statute.  Accordingly, Plaintiff cannot plausibly state a claim for a violation of the FCRA as a matter of law.

Even assuming *arguendo* that Plaintiff's Amended Complaint plausibly states a claim for non-compliance with the FCRA, Plaintiff cannot plausibly allege that Defendants' purported non-compliance was willful as required to sustain his claim. See 15 U.S.C. § 1681n(a)(1)(A).  There is not a single court case or item of administrative guidance supporting

Plaintiff's interpretation of the statute which would place employers on notice that providing employees with any other document at the same time as a standalone FCRA disclosure is a violation of the statute. Therefore, Defendants could not have willfully violated the FCRA by knowingly violating the statute or acting in reckless disregard that their conduct could violate the statute.

**A.**    **Defendants Did Not Violate The FCRA By Providing Plaintiff With An Authorization Form In Addition To A Standalone Disclosure Form.**

The FCRA provides that an employer must provide an individual with a standalone disclosure form prior to procuring a consumer report, although an authorization may also be contained in the disclosure form. See 15 U.S.C. § 1681b(b)(2)(A). Plaintiff alleges Defendants violated the FCRA by providing him with a standalone disclosure form at the same time as an authorization form containing a liability release. Plaintiff alleges that he was presented with the two separate forms at the same time, read the forms together, signed the forms together and treated the forms as one document. (Am. Compl. ¶ 45). Plaintiff's allegations simply do not allege a violation of the FCRA.

Plaintiff concedes, as he must, that he received a standalone disclosure form consistent with the requirements of the statute. Plaintiff's additional contention that he subjectively treated the disclosure form and separate authorization form as a single document is insufficient to plausibly allege a violation of the statute for several reasons. First, the plain text of the statute simply and clearly states that an employer must provide the individual with a disclosure in a document that consists solely of the disclosure. "[W]here, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" United States v. Ron Pair Enters., 489 U.S. 235, 241 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)). Since Plaintiff's allegations in the Amended Complaint admit that he

was provided with a disclosure in a document that consists solely of the disclosure, and the disclosure form attached to the Amended Complaint confirms this fact, Plaintiff's Amended Complaint fails to state a cause of action as a matter of law.

Second, Plaintiff's interpretation of the statute is irrational. Plaintiff argues the FCRA was violated because he subjectively perceived that he was not provided with a standalone disclosure form. An individual's subjective perception whether he received a standalone disclosure form is immaterial to proving a violation of the statute. The pertinent section of the FCRA requiring a standalone disclosure form prior to procuring a consumer report does not require that the consumer subjectively believe that he received a standalone disclosure. The statute requires that an individual receive a standalone disclosure form irrespective of an individual's subjective belief. Understandably, Congress chose not to make an individual's subjective belief regarding whether he received a standalone disclosure form a requirement under the statute. "[W]here Congress knows how to say something but chooses not to, its silence is controlling." Simonoff v. Kaplan, Inc., No. 10 Civ. 2923, 2010 U.S. Dist. LEXIS 125414, *21 (S.D.N.Y. Nov. 29, 2010) (quoting Smith v. Under Armour, Inc., 593 F. Supp. 2d 1281, 1287 (S.D. Fla. 2008)). The statute also does not prohibit employers from providing individuals with a disclosure form and other employment-related documents at the same time. Congress could have written the statute to require employers to provide job candidates or employees with a FCRA disclosure form and no other documents within a certain time period to ensure that no individual would subjectively conclude two separate documents may be a single document as Plaintiff contends. Congress chose not to do so. Again, Congress' silence on the matter is controlling. Id.

Plaintiff's tortured interpretation of the statute is also unmanageable. If an employer's liability under FCRA was premised on an individual's subjective interpretation of whether he received a standalone disclosure form, an employer could never ensure compliance with the statute because an individual's subjective perception is not within the employer's control. In addition, Plaintiff's interpretation of the statute would lead to the perverse result that an employer's uniform conduct may be lawful or unlawful based solely on the idiosyncrasies of a particular individual. For example, assume Defendants provided the separate disclosure and authorization forms attached as Exhibit B to Plaintiff's Amended Complaint to Plaintiff and another job candidate at the same exact time and in the same exact manner. Further assume that this other job candidate did not subjectively treat the two separate documents as a single document as Plaintiff now claims he did. Pursuant to Plaintiff's theory, Defendants would be liable to Plaintiff for violating the FCRA and not liable to the other job candidate for the exact same conduct involving identical employment forms.

Plaintiff's implausible theory that the two separate disclosure and authorization documents should be deemed one document under the statute is not supported by any rational reading of the statute. Accordingly, Plaintiff cannot plausibly state a claim for a violation of the FCRA as a matter of law.

**B.  Plaintiff Cannot Plausibly Allege That Defendants Willfully Violated The FCRA.**

Even assuming Plaintiff's Amended Complaint states a plausible FCRA claim, Plaintiff cannot plausibly allege that Defendants' purported violation of the FCRA was willful as required to sustain his claim. See 15 U.S.C. § 1681n(a)(1)(A). An employer willfully violates the FCRA if it knowingly or with reckless disregard violates the statute. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57-59 (2007). To survive a motion to dismiss a FCRA claim,

Plaintiff "must plead sufficient facts to support a plausible inference that defendant knew that its conduct was violating the statute, and not simply that defendant knew about the existence of the statutory provision at issue." Crupar-Weinmann v. Paris Baguette Am., Inc., No. 13 Civ. 7013, 2014 U.S. Dist. LEXIS 91119, at *11 (S.D.N.Y. June 29, 2014).  In addition, a company does not act in reckless disregard of the FCRA "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Safeco Ins. Co. of Am., 551 U.S. at 69.  "The Safeco Court further held that a company is not in willful noncompliance with FCRA when the company's interpretation of the statute is 'not objectively unreasonable.'" Simonoff, 2010 U.S. Dist. LEXIS 125414, at *6-7 (quoting Safeco Ins. Co. of Am., 551 U.S. at 68-71).   "Courts have specifically held that defendants' Safeco based arguments regarding the reasonableness of their statutory interpretation are grounds upon which to grant a motion to dismiss." Kivo v. Blumberg Exelsior, Inc., 982 F. Supp. 2d 217, 220 (E.D.N.Y. 2013) (quoting Simonoff, 2010 U.S. Dist. LEXIS 125414, at *8).  Plaintiff cannot plausibly allege that Defendants' willfully violated the FCRA because: (1) Defendants complied with the FCRA's standalone disclosure requirement; (2) Defendants' interpretation of the FCRA's standalone disclosure requirement was not objectively unreasonable; and (3) Plaintiff's Amended Complaint does not allege any facts demonstrating Defendants' willful noncompliance with the statute.

### 1.     Defendants complied with the express requirements of the FCRA.

Defendants' interpretation of the requirements of the FCRA was objectively reasonable.  As discussed above, Defendants complied with FCRA's standalone disclosure requirement by providing Plaintiff with a standalone disclosure form.  Plaintiff only alleges that

Defendants conduct violated the FCRA because he subjectively viewed the standalone disclosure form and the separate authorization form containing a liability release as a single document. FCRA does not prohibit an employer from providing an individual with a standalone disclosure form at the same time as additional employment-related documents. Even if Defendants erroneously misinterpreted FCRA as implicitly prohibiting the dissemination of a standalone disclosure form simultaneously with additional employment-related documents based on the risk that an individual may subjectively treat multiple documents as a single document in violation of FCRA's standalone disclosure requirement, Defendants' interpretation of the plain text of the statute was clearly objectively reasonable. Accordingly, Plaintiff cannot plausibly allege that Defendants willfully violated the FCRA and his Amended Complaint must be dismissed.

**2.      Defendants' interpretation of the FCRA was not objectively unreasonable due to a lack of binding judicial authority and administrative guidance.**

To Defendants' knowledge, there is not a single appellate court decision or guidance from the Federal Trade Commission ("FTC") suggesting or advising that Defendants' interpretation of the FCRA is not correct. Therefore, similar to the defendant in Safeco, Defendants had no knowledge that their interpretation of the FCRA may be incorrect. As the Safeco Court held:

> This is not a case in which the business subject to the Act had the benefit of guidance from the courts of appeals or the Federal Trade Commission (FTC) that might have warned it away from the view it took. Before these cases, no court of appeals had spoken on the issue, and no authoritative guidance has yet come from the FTC (which in any case has only enforcement responsibility, not substantive rulemaking authority, for the provisions in question . . . . Given this dearth of guidance and the less-than-pellucid statutory text, Safeco's reading was not objectively unreasonable, and so falls well short of raising the "unjustifiably high risk" of violating the statute necessary for reckless liability.

Safeco Ins. Co. of Am., 551 U.S. at 70.   Accordingly, even accepting as true the allegations in Plaintiff's Amended Complaint, for the reasons enunciated by the Safeco Court, Defendants did not willfully violate the FCRA because their interpretation of the FCRA was not objectively unreasonable and was not in contravention of any judicial authority or administrative guidance.

### 3.   Plaintiff's allegations do not establish a willful violation of the FCRA.

Plaintiff alleges that Defendants' violation of the FCRA was willful for four reasons: (1) the rule that FCRA disclosures be clear and conspicuous in a document consisting solely of the disclosure has been established law for over a decade: (2) Defendants are large corporations who regularly engage outside counsel and who had the opportunity to seek legal advice regarding their FCRA responsibilities; (3) clear judicial and administrative guidance regarding the FCRA's standalone disclosure requirement exists and made Defendants aware of their responsibilities under the FCRA; and (4) Defendants repeatedly violated the FCRA by requiring applicants to acknowledge the same unlawful disclosure.   (Am. Compl. ¶ 41). Plaintiff's allegations do not plausibly assert that Defendants willfully violated the FCRA.

Plaintiff's allegations in support of his contention that Defendants willfully violated the FCRA all are based on the premise that the FCRA's standalone disclosure requirement is established law that Defendants should have been aware of due to their reliance on outside counsel and clear judicial and administrative guidance.   Plaintiff's boilerplate allegations regarding willfulness are inapplicable to this case.   Plaintiff does not allege that Defendants' standalone MVR disclosure contains a liability release in violation of the FCRA. Instead, Plaintiff alleges that combining the disclosure form with the FCRA authorization form, which permissibly contains a liability release, violates FCRA because the liability release is read as part of the standalone disclosure if the separate documents are viewed as one document rather

than two documents.   There are no court decisions or administrative guidance endorsing Plaintiff's newly-formed interpretation of FCRA.  Plaintiff points to two district court decisions outside this jurisdiction that have addressed whether two forms may be considered a single document for purposes of analyzing a FCRA claim in the context of a motion to dismiss: Avila v. NOW Health Group, Inc., No. 14 C 1551, 2014 U.S. Dist. LEXIS 99178 (N.D. Ill. July 17, 2014) and Speer v. Whole Food Mkt. Group, Inc., No. 14-cv-3035, 2015 U.S. Dist. LEXIS 40462 (M.D. Fla. Mar. 30, 2015).   Neither case establishes that Defendants alleged violation of the FCRA was willful.

In Avila, the plaintiff alleged that he signed two documents as part of the application process. The first document contained two sections entitled "Equal Employment Statement" and "Pre-Employment Statement," which included several paragraphs and contained a statement that the defendant will obtain a background report.  The second document included an authorization for the defendant to obtain a background report and additional information, including a liability release.  Avila, 2014 U.S. Dist. LEXIS 99178, at *2.  The Avila court rejected the defendants' contention that both forms separately complied with FCRA's standalone disclosure requirement because each form contained information that was not the disclosure contrary to the express language of the statute.  Avila, 2014 U.S. Dist. LEXIS 99178, at *6. Therefore, the Avila court did not discuss whether two forms could be viewed as one form in analyzing FCRA's standalone disclosure requirement.[5]

In Speer, the plaintiff alleged that he signed a disclosure statement and a consent form after the forms were simultaneously presented to him and that the forms were in fact one document.  Speer, 2015 U.S. Dist. LEXIS 40462, at *3, 7.  The plaintiff further alleged that "the

---

[5]        The Avila Court also recognized that courts were split on the question of whether release or waiver provisions or additional language may be included in a FCRA-compliant disclosure form.  Avila, 2014 U.S. Dist. LEXIS 99178, at *6-7.

consent form is both an authorization to procure a consumer report and a release, violative of the FCRA, because both the disclosure and consent forms must be read and reviewed at the same time." Speer, 2015 U.S. Dist. LEXIS 40462, at *3. The Speer court recognized that although the plaintiff argued that a disclosure form may not include a waiver or release of rights, the plaintiff only cited cases where the same document contained both a disclosure statement and release provision for the proposition that the disclosure and waiver forms must be read as one document. Speer, 2015 U.S. Dist. LEXIS 40462, at *6-7. In addition, the Speer court refused to consider the defendant's contention that the disclosure form and waiver form were free-standing documents with the waiver appearing in a separate document because the court considered these facts to be "outside the complaint or its attachments." Id. at *7. Based solely on the allegations in the complaint, the Speer court held that "if both the disclosure and the consent forms combined and read as one document with the waiver and release included simultaneously with the disclosure, the complaint states a claim for relief." Id.

To Defendants' knowledge, the Speer court is the only court or administrative agency to ever consider a theory similar to Plaintiff's theory here, that separate disclosure and authorization forms can be considered a single document potentially violative of the FCRA's standalone disclosure requirement based solely on an employee's subjective perception of how he views the documents. The Speer court, however, simply accepted the plaintiff's allegations as true that he read separate disclosure and authorization forms as one combined document in concluding that the complaint stated a claim for a violation of FCRA. The decision in Speer provides no analysis of FCRA's standalone disclosure requirement and has no binding or persuasive effect for any New York court. Moreover, the Speer court issued its decision on the defendant's motion to dismiss on March 30, 2015 -- approximately two years after Plaintiff

received the FCRA disclosure and authorization forms at issue in this case.   Therefore, Defendants conduct could not have been objectively unreasonable based on the <u>Speer</u> decision even if the <u>Speer</u> decision was instructive or binding in New York, which it is not.

Even if Defendants' plain reading of the FCRA was erroneous and Plaintiff's newly conceived theory that two separate documents must be treated as one document for purposes of the FCRA's standalone disclosure requirement is correct, it certainly was objectively reasonable for Defendants to interpret the FCRA to permit providing applicants or employees with a standalone FCRA disclosure form at the same time as a separate FCRA authorization form without recklessly risking violating the statute.   Accordingly, Plaintiff cannot plausibly allege that Defendants willfully violated the FCRA and his Amended Complaint must be dismissed.

## POINT II

### THE COURT SHOULD ENTER JUDGMENT PURSUANT TO THE TERMS OF DEFENDANTS' RULE 68 OFFER OF JUDGMENT.

If the Court determines that Plaintiff has alleged a willful violation of the FCRA, Defendants respectfully submit that the Court should judgment pursuant to the terms of Defendants' Offer of Judgment and the case should be dismissed for lack of subject matter jurisdiction.   Article III, Section 2 of the United States Constitution limits the jurisdiction of federal courts to "actual cases and controversies." <u>Central States SE and SW Areas Health & Welfare Fund v. Merck-Medco Managed Care LLC</u>, 433 F.3d. 181, 198 (2d Cir. 2005).   "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 67 (1997) (quoting <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975)).   If an intervening

16

circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (citation omitted).

When a defendant makes a Rule 68 Offer of Judgment that meets or exceeds the maximum recovery available to a plaintiff, the case ceases being an "actual controversy" and therefore becomes moot upon the Court entering judgment. See Abrams v. Interco, Inc., 719 F.2d 23, 32-34 (2d Cir. 1983) (when defendant offers all that plaintiff could hope to recover through litigation, "there is no justification for taking the time of the court and defendant in the pursuit of a minuscule claim which defendant has . . . satisfied."); Tanasi v. New Alliance Bank, 2015 U.S. App. LEXIS 7932, *11 (2d. Cir. May 21, 2015) (holding that a case is moot after a court enters judgment as opposed to when a plaintiff rejects a Rule 68 Offer of Judgment). In such a case, the plaintiff no longer has any legally cognizable interest or personal stake in the matter. See Ambalu v. Rosenblatt, No. 98-cv-7144, 194 F.R.D. 451, 453, 2000 U.S. Dist. LEXIS 12522 (E.D.N.Y. Mar. 15, 2000) (citing Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.")). Therefore, judgment should be entered pursuant to the terms of Defendants' Offer of Judgment and the case must be dismissed for lack of subject matter jurisdiction. See Fox v. Bd. of Trustees of the State Univ. of New York, 42 F.3d 135, 140 (2d Cir. 1994); Abrams, 719 F.2d at 32.

**A.**     **Defendants' Rule 68 Offer Of Judgment Affords Plaintiff His Maximum Relief Under The FCRA.**

In his Amended Complaint, Plaintiff seeks an award of statutory damages in an amount not less than $100 and not more than $1,000 for each alleged FCRA violation, plus reasonable attorneys' fees and costs.  See 15 U.S.C. §§ 1681n(a)(1)(A); Am. Compl. ¶ 49. Defendant ADF Pizza I, LLC procured three (3) consumer reports on Plaintiff prior to and during his employment.  (Dunlap Aff. ¶¶ 6, 8-9).[6]  Only the first consumer report was procured pursuant to the disclosure and authorization forms attached as Exhibit B to Plaintiff's Amended Complaint.  (Dunlap Aff. ¶¶ 5-9).  Accordingly, the maximum amount of monetary damages Plaintiff can recover on his FCRA claim is $1,000, plus reasonable attorneys' fees and costs.

On April 10, 2015, Defendants served Plaintiff with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure in the amount of $3,000, plus reasonable attorneys' fees and costs.  (See Frankel Aff. Exhibit B).  The monetary sum of Defendants' unconditional offer of $3,000, plus reasonable attorneys' fees and costs, is an amount greater than the maximum recovery Plaintiff would be awarded if he prevails on the FCRA claim alleged in his Amended Complaint.  Defendants calculated the offer of judgment based on the three consumer reports procured by Defendant ADF Pizza during the course of Plaintiff's employment, even though Plaintiff only alleges that the procurement of the first consumer report violated the FCRA.  Therefore, judgment should be entered pursuant to the terms of Defendants' Offer of Judgment and the case must be dismissed for lack of subject matter jurisdiction.  See Geismann v. ZocDoc, Inc., No. 14 Civ. 7009, 2014 U.S. Dist. LEXIS 143272 (S.D.N.Y. Sep't 26, 2014) (entering judgment in the amount of the defendant's Offer of

---

[6]     "Dunlap Aff." refers to the Affidavit of Kevin Dunlap submitted in support of Defendants' Motion to Dismiss.

Judgment which afforded the plaintiff the maximum relief she could recover under the Telephone Consumer Protection Act); Lary v. Rexall Sundown, Inc., No. 13-cv-5769, 2015 U.S. Dist. LEXIS 16733 (E.D.N.Y. Feb. 10, 2015) (same).

**B.      Plaintiff's Request For Rule 23 Class Certification Does Not Preclude The Court From Entering Judgment Pursuant To The Terms Of Defendants' Offer Of Judgment.**

Plaintiff filed his Amended Complaint on behalf of himself and similarly situated employees alleging a violation of the FCRA and Plaintiff seeks to pursue his claims on a class-wide basis pursuant to Fed. R. Civ. P. 23.  It is well established that Rule 68 applies to class actions. Lary, 2015 U.S. Dist. LEXIS 16733, at *36.  Moreover, "Rule 68 is actually designed to insulate defendants willing to consent to judgment against incurring the costs of further litigation, and there appears no indication that protection should be denied defendants in class actions.  Therefore, a Rule 68 offer may be made up until the time a court grants or denies a Rule 23 motion."   Lary, 2015 U.S. Dist. LEXIS 16733, at *37-38 (internal quotation marks and citations omitted).

The Second Circuit has not directly addressed whether a pre-certification Offer of Judgment under Rule 68 moots a putative class action.  See Tanasi v. New Alliance Bank, 2015 U.S. App. LEXIS 7932 (2d. Cir. May 21, 2015).  However, "[i]n the Second Circuit, '[i]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot.'" Morgan v. Account Collection Tech., LLC, No. 05-CV-2131, 2006 U.S. Dist. LEXIS 64528, *13 (S.D.N.Y. Aug. 29, 2006) (citing Corner v. Cisneros, 37 F.3d 775, 798 (2d Cir. 1994)); Lary, 2015 U.S. Dist. LEXIS 16733, at *40 (holding that "the fact that plaintiff's motion for class certification has not been determined, [defendant's] pre-certification offer, which provides all the relief plaintiff could recover, moots

plaintiff's claims."). Finally, the dismissal of Plaintiff's individual claim will not prevent potential members of any purported class from pursuing their own claims for statutory damages under the FCRA. See Geisman, 2014 U.S. Dist. LEXIS 143272, at *5; Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1531 (2013) ("While settlement may have the collateral effect of foreclosing unjoined claimants from having their rights vindicated in respondent's suit, such putative plaintiffs remain free to vindicate their rights in their own suits. They are no less able to have their claims settled or adjudicated following respondent's suit than if her suit had never been filed at all.").

Accordingly, because Defendants' Rule 68 Offer of Judgment affords Plaintiff his maximum relief under the FCRA, and because a class has not been certified in this case, judgment should be entered pursuant to the terms of Defendants' Offer of Judgment and the case must be dismissed for lack of subject matter jurisdiction.

## POINT III

### THE COURT LACKS PERSONAL JURISDICTION OVER ADF RESTAURANT GROUP.

"Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits – subject . . . to certain constitutional limits of due process." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). New York provides for both general and specific personal jurisdiction. Under the general jurisdiction statute set forth in New York Civil Practice Law and Rules ("CPLR") § 301, a plaintiff need not "establish a connection between the cause of action and the foreign defendant's business activities within the State, because the authority of the New York courts is based solely upon the fact" that the defendant is present in New York. McGowan v. Smith, 52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981). Under the specific jurisdiction statute, set forth in CPLR § 302, a plaintiff

may rely on a lesser showing of contact between the defendant and the state, but must establish that the cause of action arose out of the defendant's contacts with the state. Id.

   Plaintiff fails to establish that ADF Restaurant Group has sufficient contacts with New York to give rise to either general jurisdiction or specific jurisdiction.

### A.   ADF Restaurant Group Is Not Subject To General Jurisdiction.

   CPLR § 301 submits a nonresident party to personal jurisdiction if it is "doing business" in the state. Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000). The "doing business" standard that confers "presence" in New York for jurisdictional purposes (irrespective of whether the defendant has any New York contacts) is met if the defendant "does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." Wiwa, 226 F.3d at 95. (citation omitted). Plaintiff bears the burden of establishing that the defendant engaged in "continuous, permanent, and substantial activity in New York." Id.

   New York courts have focused on several factors to support a finding that a defendant was "doing business," including: "the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." Landoil Res. Corp. v. Alexander & Alexander Servs. Inc., 918 F.2d 1039, 1043 (2d Cir. 1990).   However, solicitation alone will not ordinarily show that a defendant is "doing business" in New York, but where combined with evidence that the defendant "engages in other activities of substance in the state, then personal jurisdiction may properly be found to exist." Id. at 1043-44.

   Given the incontrovertible facts that ADF Restaurant Group: (i) is organized under the laws of Delaware with its principal place of business in New Jersey; (ii) has no offices or employees in New York; (iii) owns no real property in New York; (iv) has no mailing address or telephone number in New York; (v) has no bank accounts in New York;  (vi) does not have a

registered agent within New York for purposes of transacting business and is not registered to conduct business within New York; and (vii) does not operate or conduct business in New York (see Dunn Aff. ¶¶ 3-11),[7] it is abundantly clear that there are no facts sufficient to pass the difficult test of establishing that ADF Restaurant Group "does business in New York with a fair measure of permanence and continuity." Wiwa, 226 F.3d at 98.

Because there are no facts establishing that ADF Restaurant Group has continuous, permanent, and substantial contacts with New York, general jurisdiction cannot be established.

### B.      ADF Restaurant Group Is Not Subject To Specific Jurisdiction.

Since the Court lacks general jurisdiction over ADF Restaurant Group, New York's long-arm statute for specific jurisdiction, codified at CPLR § 302, provides an alternate basis for the exercise of personal jurisdiction over a nonresident corporation.  Section 302 provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent" "transacts any business within the state or contracts anywhere to supply goods or services in the state." CPLR § 302(a)(1).

Unlike general jurisdiction, where "doing business" in New York subjects a defendant to jurisdiction regardless of the context in which the claim arises, specific jurisdiction requires that the cause of action arise out of the transaction of business within the state. Thus, to determine whether a defendant is subject to jurisdiction under 302(a)(1), the "court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action arises from such a business transaction." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007) (internal quotation marks and citation omitted).

---

[7]      "Dunn. Aff." refers to the Affidavit of Colleen Dunn submitted in support of Defendants' Motion to Dismiss.

In order to satisfy the first prong of the test, "there must have been some 'purposeful activities' within the State that would justify bringing the nondomiciliary defendant before the New York courts." SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n, 18 N.Y.3d 400, 404, 940 N.Y.S.2d 525, 527 (2012) (quoting McGowan, 52 N.Y.2d 268, 271, 437 N.Y.S.2d 643 (1981)). New York courts define purposeful activity as "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Best Van Lines, Inc., 490 F.3d at 246-47 (quoting McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 382, 283 N.Y.S.2d 34, 37-38 (1967)). "As for the second part of the test, '[a] suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York.'" Best Van Lines, Inc., 490 F.3d at 246 (quoting Henderson v. INS, 157 F.3d 106, 123 (2d Cir. 1998)).

Except for Plaintiff's erroneous contentions that ADF Restaurant Group is licensed to conduct business in New York and is a franchisee of Pizza Hut, Plaintiff does not allege any connections between ADF Restaurant Group and New York in his Amended Complaint. Accordingly, there are insufficient contacts for this Court to exercise specific personal jurisdiction over ADF Restaurant Group in this matter.

**C.   Subjecting ADF Restaurant Group To Suit In New York Is Inconsistent With The Due Process Of Law.**

Assuming, *arguendo*, that Plaintiff could show that the Court has jurisdiction under CPLR §§ 301 or 302, he could not show that the exercise of jurisdiction would be consistent with federal due process requirements. Wiwa, 226 F.3d at 99. To satisfy the requirements of due process, a plaintiff must first show that the defendant has "minimum contacts" with the forum state. See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d

560, 567 (2d Cir. 1996).  Second, the plaintiff must demonstrate that the exercise of jurisdiction "comports with 'traditional notions of fair play and substantial justice.'"  Id., at 568 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  ADF Restaurant Group is a holding company that holds equity in companies that operate Pizza Hut franchisees, including ADF Pizza.  (Dunn. Aff. ¶3-4).  Except for ADF Restaurant Group owning equity in ADF Pizza, the company has no other connection to New York and it conducts no business in New York.  Thus, ADF Restaurant Group's attenuated connection to New York is too insignificant to give rise to an expectation that ADF Restaurant Group would be subject to jurisdiction in New York.  As such, the Court's assumption of jurisdiction over ADF Restaurant Group would offend traditional notions of fair play and substantial justice and would be inconsistent with due process of law.  See Int'l Shoe Co., 326 U.S. at 316.

For these reasons, even if the Court does not grant Defendants' motion for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Amended Complaint should be dismissed against ADF Restaurant Group based on the absence of personal jurisdiction.

## CONCLUSION

Plaintiff's Amended Complaint does not plausibly assert that Defendants violated the FCRA by providing Plaintiff with a standalone disclosure form and a separate authorization form that Plaintiff subjectively viewed as one combined document.  In addition, Plaintiff has not plausibly alleged that Defendants' interpretation and compliance with the statute's standalone disclosure requirement was objectively unreasonable as required to establish willfulness.  Accordingly, Plaintiff's Amended Complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Alternatively, because Defendants' Rule 68 Offer of Judgment provides Plaintiff with a judgment in an amount greater than the maximum recovery Plaintiff would be awarded if he prevails on his FCRA claim, the Court should enter judgment pursuant to the terms of Defendants' Offer of Judgment and the case must be dismissed for lack of subject matter jurisdiction. Finally, Defendant ADF Restaurant Group does not have sufficient contacts with New York for the Court to exercise personal jurisdiction over ADF Restaurant Group.

For the reasons set forth above, Defendants respectfully request that the Court grant their Motion to Dismiss in its entirety, with prejudice, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York  10601
(914) 872-8060

By:     _Michael Frankel_____

Jonathan M. Kozak
Michael A. Frankel

*Attorneys for Defendants ADF Pizza I, LLC and ADF Restaurant Group*

Dated: May 29, 2015
White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ALBERTO  RIVERA  Individually  and  on
Behalf of All Other Persons Similar Situated,

                                        Plaintiff,

        -against-

PIZZA HUT OF AMERICA INC., ADF
PIZZA I, LLC, and ADF RESTAURANT
GROUP, Jointly and Severally,

                                        Defendants.

------------------------------------------------------------X

Case No. 15 CV 308 (GHW)

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Memorandum of

Law in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint was served

via ECF to all counsel of record and via First Class U.S. Mail, postage pre-paid, on May 29,

2015, upon Plaintiff's counsel of record at the address set forth below:

Douglas Lipsky, Esq.
Bronson Lipsky LLP
630 Third Avenue, 5th Floor
New York, NY 10017-6705
*Attorneys for Plaintiff*

_____
Michael A. Frankel